IN THE UNITED STATES DISTRICT COURT IN AND FOR
THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

ELECTRONICALLY FILED

| | |
|---|---|
| BARBARA "BOBBIE" SCOTT AND EVERETT "SCOTTY" SCOTT, wife and husband,<br><br>Plaintiffs,<br><br>v.<br><br>U.S EXPEDITERS, INC. and IVAN MILOSEVIC,<br><br>Defendants. | Civil Action Nos. 5:17-CV-04004-MWB<br>5:17-CV-04022-LTX<br><br><br>PLAINTIFFS' FIRST AMENDED COMPLAINT |
| ESTATE OF SHARON ROHLF, By Its Administrator, GARY ROHLF, GARY ROHLF, Individually, NICHOLAS ROHLF, Individually, and RYAN ROHLF, Individually,<br><br>Plaintiffs,<br><br>v.<br><br>U.S EXPEDITERS, INC., IVAN MILOSEVIC, SIRIUS AIR LOGISTICS, and FORWARD AIR, INC.<br><br>Defendants. | |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

Plaintiffs ESTATE OF SHARON ROHLF, By Its Administrator, GARY ROHLF, GARY ROHLF, Individually, NICHOLAS ROHLF, Individually, and RYAN ROHLF,

1

Individually (hereinafter referred to as "Rohlf Plaintiffs"), by and through counsel, and for their First Amended Complaint against the Defendants herein, state as follows:

## PARTIES, JURISDICTION AND VENUE

1. The Estate of Sharon Rohlf, Deceased, is currently pending in the Iowa District Court for Sac County with Gary Rohlf as the duly appointed, qualified, and acting Executor, having been so appointed on March 2, 2017.

2. At the time of her death, Sharon Rohlf was a resident of Sac County, Iowa.

3. At all times material, the Plaintiff, Gary Rohlf, was a resident of Odebolt, Iowa and married to Sharon Rohlf.

4. Plaintiff Nicholas Rohlf is a resident of Orange City, Iowa and is the natural and lawful child of Gary and Sharon Rohlf.

5. Plaintiff Ryan Rohlf is a resident of Des Moines, Iowa and is the natural and lawful child of Gary and Sharon Rohlf.

6. At all times material, Defendant U.S. Expediters, Inc., (hereinafter referred to as "U.S. Expediters") was an Illinois corporation engaged in interstate trucking operations within the United States, including the transportation of goods through and within the State of Iowa.

7. At all times material, Defendant Sirius Logistics, Inc. (hereinafter referred to as "Sirius Logistics") was an Illinois corporation engaged in interstate trucking operations within the United States, including the transportation of goods through and within the State of Iowa.

8. At all times material, Defendant Forward Air, Inc. (hereinafter referred to as "Forward Air") was a Tennessee corporation engaged in interstate trucking operations within the

United States, including the transportation of good through and within the State of Iowa.

9. At all times material, Defendant Ivan Milosevic is and was a resident of the State of Massachusetts.

10. At all times material, Defendant Ivan Milosevic was acting within the scope and course of an employment and/or agency relationship with Defendants U.S. Expediters, Sirius Logistics, and Forward Air.

11. At all times material, Defendants U.S. Expediters, Sirius Logistics, Forward Air, and Ivan Milosevic were engaged in a joint venture within the state of Iowa, in which they combined their property, money, efforts, skill, and/or knowledge to carry out a business enterprise of common undertaking for their shared benefit.

12. Pursuant to Iowa Code Section 321.498, by accepting the privileges extended by the laws of the State of Iowa to nonresident operators or owners of operating a motor vehicle, or having the same operated, within the State of Iowa, Defendants U.S. Expediters, Sirius Logistics, Forward Air, and Ivan Milosevic are deemed to have agreed to be subject to the jurisdiction of the courts of the State of Iowa over all civil actions and proceedings against them for damages to person or property growing or arising out of such use and operation.

13. Jurisdiction is appropriate in this Court as there is complete diversity of citizenship between the parties, and the amount in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

14. Pursuant to 28 U.S.C. §1391(a), venue is proper in the Northern District of Iowa because a substantial part of the events giving rise to Plaintiffs' claims for relief as alleged herein,

including the incident that is the subject of this lawsuit and resulting injuries to Rohlf Plaintiffs, occurred in Sac County, Iowa.

## FACTUAL ALLEGATIONS

15. On or about December 24, 2016, Gary and Sharon Rohlf were traveling to Des Moines, Iowa to visit their son, Ryan Rohlf. Their vehicle, a 2016 Chevrolet Colorado Pickup, was driven by Gary Rohlf.

16. At approximately 8:24 a.m., as the Rohlfs approached Lake View, Iowa in the eastbound lane of Highway 175, the weather conditions were foggy with near-zero visibility.

17. At the above-mentioned time and place, Defendant Ivan Milosevic was operating a 2007 Volvo tractor-trailer in the westbound lane of Highway 175.

18. Defendant Milosevic attempted to pass a 1997 Ford Taurus operated by Richard Daisy, crossing over into the eastbound lane of Highway 175 and causing his tractor-trailer to collide head-on with the Rohlf vehicle, which was then struck by a fourth vehicle, a 1992 Pontiac Bonneville operated by Jeanette Fertig.

19. At the time of the collision, Defendant Milosevic was hauling approximately 29,189 pounds of consolidated Air Mail. The load had been picked up by Mr. Milosevic and his co-driver on or about December 23, 2016 at Forward Air's terminal in Groveport, Ohio and was scheduled to be delivered to Forward Air's terminal in Fife, Washington on or about December 25, 2016, pursuant to the broker-to-carrier agreement between Forward Air and U.S. Expediters.

20. As a result of the collision, Sharon Rohlf died at the scene.

21. As a result of Sharon Rohlf's death, the Estate of Sharon Rohlf has been deprived of the accumulations reasonably to have been expected had Sharon Rohlf lived to her normal life expectancy.

22. As a result of Sharon Rohlf's death, the Estate of Sharon Rohlf has prematurely incurred expenses for Sharon Rohlf's funeral and burial, and is entitled to interest on such expenses.

23. As a result of Sharon Rohlf's death, her surviving spouse, Gary Rohlf, has suffered the loss of her care, society, services, companionship, contributions, consortium, and support of his wife.

24. As a result of Sharon Rohlf's death, her surviving children, Nicholas Rohlf and Ryan Rohlf, have suffered the loss of her care, society, services, companionship, contributions, consortium, and support of their mother.

25. Plaintiff Gary Rohlf witnessed the traumatic and fatal injuries suffered by Sharon Rohlf and has suffered past and future severe emotional distress due to the direct emotional impact caused by his bearing witness to the occurrence of the traumatic and fatal injuries sustained by his wife, Sharon Rohlf,

26. As a direct result of the collision caused by Defendants, Plaintiff Gary Rohlf suffered severe injuries to his person.

27. As a direct result of his injuries, Plaintiff Gary Rohlf has been caused in the past and will be caused in the future to suffer mental and physical pain, suffering and anguish, loss of enjoyment of life, scarring, disfigurement, loss of function, loss of wages, and loss of earning capacity, and to incur expenses for doctors, nurses, hospitalization, physical therapy,

attendants, care givers, drugs, medicine, and other care and treatment related to said injuries and their consequences.

28. The Defendant, Ivan Milosevic, was operating his commercial motor vehicle in an unsafe manner when it collided with the Rohlf vehicle.

## **DIVISION I – CLAIMS FOR RELIEF AGAINST DEFENDANT IVAN MILOSEVIC**

29. Rohlf Plaintiffs reiterate and reaffirm each of the aforementioned allegations as if fully copied and set forth herein.

30. The actions of Defendant Ivan Milosevic as set forth and described herein, constitute negligent and reckless conduct.

31. Specifically, the Defendant Ivan Milosevic was negligent in the following particulars:

    a. failing to keep his vehicle under reasonable control;

    b. failing to keep his vehicle within his lane of travel;

    c. failing to keep a lookout ahead;

    d. failing to exercise the degree of care and skill of another driver of a commercial motor vehicle under the same or similar circumstances;

    e. failing to operate a motor vehicle at a reasonable and proper speed appropriate for known conditions affecting visibility; and,

    f. failing to exercise ordinary care generally to avoid a collision with other persons using the roadway.

32. The above-described collision as well as the resulting injuries, death, and damages sustained by the Rohlf Plaintiffs were caused by the negligence of Defendant Ivan Milosevic.

33. The above-described collision, as well as the harms sustained by Rohlf Plaintiffs, were within the scope of the liability of Defendant Ivan Milosevic and said injuries and damages arose from the same general types of danger that Defendant Ivan Milosevic should have taken reasonable steps to avoid.

### DIVISION II – CLAIMS FOR RELIEF AGAINST DEFENDANTS U.S. EXPEDITERS, SIRIUS LOGISTICS, AND FORWARD AIR

34. Rohlf Plaintiffs reiterate and reaffirm each of the aforementioned allegations as if fully copied and set forth herein

35. At all relevant times, Milosevic was the agent, employee, servant, and/or independent contractor of Defendants U.S. Expediters, Sirius Logistics, and Forward Air, and was acting within the course and scope of his agency or employment, under the direct control of the Defendants. On this basis, Defendants U.S. Expediters, Sirius Logistics, and Forward Air are vicariously liable for Milosevic's negligence.

36. Irrespective of the employment or agency relationship, Defendants U.S. Expediters, Sirius Logistics, and Forward Air are each interstate motor carriers responsible for the acts of Defendant Ivan Milosevic.

### DIVISION III – CLAIMS FOR RELIEF AGAINST DEFENDANT U.S. EXPEDITERS

*Negligent Hiring of Sirius Logistics*

37. Rohlf Plaintiffs reiterate and reaffirm each of the aforementioned allegations as if fully copied and set forth herein.

38. An employment and/or agency relationship exists between U.S. Expediters and Sirius Logistics.

39. U.S. Expediters owed a duty to take special precautions in the hiring of Sirius Logistics because the work Sirius Logistics was hired for was likely to create a peculiar risk of

7

harm to others while the work is being done.

40. U.S. Expediters failed to take special precautions in the hiring of Sirius Logistics which was a cause of the above-described collision as well as the resulting injuries, death, and damages sustained by the Rohlf Plaintiffs.

41. U.S. Expediters knew, or in the exercise of ordinary care, should have known of Sirius Logistics' incompetence at the time of hiring.

42. Sirius Logistics' incompetence was a cause of the above-described collision as well as the resulting injuries, death, and damages sustained by the Rohlf Plaintiffs.

43. The above-described collision, as well as the harms sustained by Rohlf Plaintiffs, were within the scope of the liability of Defendant U.S. Expediters and said injuries and damages arose from the same general types of danger that Defendant U.S. Expediters should have taken reasonable steps to avoid.

*Negligent Hiring, Training, and Supervision of Ivan Milosevic*

44. Rohlf Plaintiffs reiterate and reaffirm each of the aforementioned allegations as if fully copied and set forth herein.

45. An employment and/or agency relationship exists between U.S. Expediters and Ivan Milosevic.

46. U.S. Expediters owed a duty to take special precautions in the hiring of Ivan Milosevic because the work Ivan Milosevic was hired for was likely to create a peculiar risk of harm to others while the work is being done.

47. U.S. Expediters failed to take special precautions in the hiring of Ivan Milosevic which was a cause of the above-described collision as well as the resulting injuries, death, and damages sustained by the Rohlf Plaintiffs.

8

48. U.S. Expediters knew, or in the exercise of ordinary care, should have known of Ivan Milosevic's unfitness at the time of hiring.

49. After hiring Defendant Milosevic, U.S. Expediters failed to properly train and supervise him as an employee and/or agent.

50. Ivan Milosevic's unfitness was a cause of the above-described collision as well as the resulting injuries, death, and damages sustained by the Rohlf Plaintiffs.

51. U.S. Expediters' failure to properly train and supervise Ivan Milosevic was a cause of the above-described collision as well as the resulting injuries, death, and damages sustained by the Rohlf Plaintiffs.

52. The above-described collision, as well as the harms sustained by Rohlf Plaintiffs, were within the scope of the liability of Defendant U.S. Expediters and said injuries and damages arose from the same general types of danger that Defendant U.S. Expediters should have taken reasonable steps to avoid.

### DIVISION IV – CLAIMS FOR RELIEF AGAINST DEFENDANT SIRIUS LOGISTICS

*Negligent Hiring, Training, and Supervision of Ivan Milosevic*

53. Rohlf Plaintiffs reiterate and reaffirm each of the aforementioned allegations as if fully copied and set forth herein.

54. An employment and/or agency relationship exists between Sirius Logistics and Ivan Milosevic.

55. Sirius Logistics owed a duty to take special precautions in the hiring of Ivan Milosevic because the work Ivan Milosevic was hired for was likely to create a peculiar risk of harm to others while the work is being done.

56. Sirius Logistics failed to take special precautions in the hiring of Ivan Milosevic which was a cause of the above-described collision as well as the resulting injuries, death, and damages sustained by the Rohlf Plaintiffs.

57. Sirius Logistics knew, or in the exercise of ordinary care, should have known of Ivan Milosevic's unfitness at the time of hiring.

58. After hiring Defendant Milosevic, Sirius Logistics failed to properly train and supervise him as an employee and/or agent.

59. Ivan Milosevic's unfitness was a cause of the above-described collision as well as the resulting injuries, death, and damages sustained by the Rohlf Plaintiffs.

60. Sirius Logistics' failure to properly train and supervise Ivan Milosevic was a cause of the above-described collision as well as the resulting injuries, death, and damages sustained by the Rohlf Plaintiffs.

61. The above-described collision, as well as the harms sustained by Rohlf Plaintiffs, were within the scope of the liability of Defendant Sirius Logistics and said injuries and damages arose from the same general types of danger that Defendant Sirius Logistics should have taken reasonable steps to avoid

## DIVISION V – CLAIMS FOR RELIEF AGAINST DEFENDANT FORWARD AIR, INC.

62. Rohlf Plaintiffs reiterate and reaffirm each of the aforementioned allegations as if fully copied and set forth herein.

63. Defendant Forward Air had a duty to reasonably investigate and to hire a reasonably safe motor carrier to haul the shipment in question.

64. Defendant Forward Air had a duty to act reasonably in hiring, entrusting, supervising, and retaining Defendants U.S. Expediters, Sirius Logistics, and Ivan Milosevic to transport cargo in interstate commerce.

65. Defendant further owed a duty to take special precautions in the hiring of Defendants U.S. Expediters, Sirius Logistics, and Ivan Milosevic because the work they were hired for was likely to create a peculiar risk of harm to others while the work was being done.

66. Defendant Forward Air had a duty to adopt and enforce policies, procedures, and rules to ensure that drivers and vehicles were reasonably safe.

67. Defendant Forward Air breached these duties by, among other things, arranging for commercial transportation by an unsafe driver and motor carriers, and those breaches directly and proximately caused the damages described above.

68. In addition, especially as a sophisticated and knowledgeable motor carrier, joint venturer, broker, shipper, and/or freight forwarder, Forward Air knew, or should have known, and should not have ignored, such facts and indications of U.S. Expediters', Sirius Logistics', and Ivan Milosevic's unfitness to operate safely and comply with the duties of an interstate commercial carrier.

## DIVISION VI – PUNITIVE DAMAGES

69. Rohlf Plaintiffs reiterate and reaffirm each of the aforementioned allegations as if fully copied and set forth herein.

70. The actions of Defendants Ivan Milosevic, U.S. Expediters, Sirius Logistics, and Forward Air as set forth and described herein, were grossly negligent or constituted a wanton, reckless and gross indifference to the lives and safety of others so as to warrant an award of punitive damages.

11

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs ESTATE OF SHARON ROHLF, By Its Administrator, GARY ROHLF, GARY ROHLF, Individually, NICHOLAS ROHLF, Individually, and RYAN ROHLF, Individually, pray for judgment against Defendants U.S EXPEDITERS, INC., SIRIUS LOGISTICS, INC., FORWARD AIR, INC., and IVAN MILOSEVIC, and each of them, in an amount which will fully and completely compensate the Rohlf Plaintiffs for all damages sustained by each of them, together with interest thereon as provided by law, and for the costs of this action.

## JURY DEMAND

Rohlf Plaintiffs hereby demand a trial by jury.

Respectfully submitted,

/s/ Lindsy Lopez
Tad Thomas
Lindsy Lopez
THOMAS LAW OFFICES
9418 Norton Commons Blvd., Ste. 200
Louisville, Kentucky 40059
Telephone:   877-955-7001
Facsimile:   502-688-5052
Email address: lindsy.lopez@thomaslawoffices.com
tad@thomaslawoffices.com

Brian Galligan
GALLIGAN REID P.C.
The Plaza – Suite 5, 300 Walnut Street
Des Moines, Iowa 50309
Telephone:   (515) 282-3333
Facsimile:   (515) 282-0318
Email address: bgalligan@galliganlaw.com

ATTORNEYS FOR ROHLF PLAINTIFFS